**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

RAUL ANTONIO REYES CRESPO,

      Plaintiff,

  v.

ANCHORAGE GOSPEL RESCUE MISSION STAFF,

      Defendant.

Case No. 3:18-cv-00076-SLG

## **ORDER OF DISMISSAL**

On July 5, 2018, the Court screened the initial Complaint Under the Civil Rights Act and Amended Application to Waive the Filing Fee (Dockets 1 & 4) filed by self-represented Plaintiff, Raul Antonio Reyes Crespo, as required by federal law.[1] The Court explained the deficiencies in the pleading and accorded Mr. Crespo "until **August 9, 2018** to file a First Amended Complaint in this case that states a cause of action."[2]

In addition to the required screening in this case, federal law requires a court to dismiss a case if it determines at any time that it lacks subject matter jurisdiction.[3]

---

[1] Docket 22. 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss the case at any time if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[2] Docket 22 at 6.

[3] Fed. R. Civ. P. 12(h)(3).

"Subject-matter jurisdiction can never be waived or forfeited."[4] This Court has the authority to hear only specific types of cases.[5] "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction."[6]

Mr. Crespo filed a First Amended Complaint under the Civil Rights Act, asserting that Mission Staff have banned him from their facilities for a year.[7] Mr. Crespo's claims include: that there was "[n]o video evidence, paperwork evidence … exhibits," witnesses or "compliance with … Rules of Evidence[;]" that he should have been given "three (3) verbal warnings" before being banned from the premises; and that Mission Staff denied his right to assemble on Mission premises, where his biological and/or tribal family may still be welcome.[8] Mr. Crespo claims that Mission Staff's conduct violated his constitutional right to due process, and as a result, his "homeless condition has become an Alaskan personal crisis."[9] As explained below, however, the federal constitution does not require Mission Staff to any of the above.

---

[4] *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

[5] *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute") (citations omitted)); *see also Peralta v. Hispanic Bus.*, 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.").

[6] *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006)) (further citation omitted).

[7] Docket 23; *id.* at 4.

[8] *Id.* at 3-5 (Claims 1-3).

[9] *Id.* at 6 (Claim 4).

Mr. Crespo's First Amended Complaint contains the same deficiencies the Court explained when reviewing his initial pleading:

> Mr. Crespo's complaint does not allege facts that would demonstrate that this federal court has jurisdiction to hear his claim… [T]he Civil Rights Act, 42 U.S.C. § 1983 … protects individuals from the deprivation of federal constitutional or statutory rights that are caused by persons acting "under color of state law." A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state or municipal law, ordinance or regulation.[10] … Mr. Crespo's complaint fails to plausibly allege that the Anchorage Gospel Rescue Mission staff were acting under color of state law. Nor does he allege the federal constitutional or statutory violation that he believes was committed by that staff. Thus, he does not appear to have asserted a claim for relief under Section 1983.[11]

The Court takes judicial notice[12] that the Anchorage Gospel Rescue Mission is a Christian organization that provides food and shelter for people in need.[13] "The Mission

---

[10] *West v. Atkins*, 487 U.S. 42, 49 (1988) (defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941))); *Coral Constr. Co. v. King Cty.*, 941 F.2d 910, 926 (9th Cir. 1991) ("Actions taken pursuant to a municipal ordinance are made 'under color of state law.'").

[11] Docket 22 at 3-4. Mr. Crespo also does not allege any facts to show diversity jurisdiction, which requires that he has state "citizenship which is diverse from that of every defendant." *See Cook v. AVI Casino Enterprises*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[12] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact" *Black's Law Dictionary* (10th ed. 2014).

[13] https://www.anchoragerescue.org ("We are a Christian organization and our purpose is to show God's love through example and in a practical manner by providing for the needs of the homeless, poor and needy in our community… The Rescue Mission functions as an overnight shelter to house the homeless in our community in a safe, warm and welcoming environment.").

is entirely funded by donations from the community and takes no government funds."[14] Mr. Crespo has again, therefore, named non-state actors as defendants and cannot bring a claim against them under the Due Process Clause of the federal Constitution.

Thus, Mr. Crespo has failed to state a claim for relief over which this Court has jurisdiction. The Court finds that any further attempt at curing this problem would be futile.[15]

**IT IS THEREFORE ORDERED:**

1. This case is DISMISSED with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of Court is directed to enter a final judgment accordingly.

DATED at Anchorage, Alaska, this 24th day of October, 2018.

                                      */s/ Sharon L. Gleason*
                                      UNITED STATES DISTRICT JUDGE

---

[14] *Id.*

[15] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (A court need not allow a plaintiff to amend a complaint "if amendment of the complaint would be futile.") (citation omitted).